By the Court,

Cowen, J.
The scire facias avers that the defendant Anderson, a deputy sheriff, became bound . with the other defendants, his sureties, to the plaintiff, who *673 was sheriff, in a bond conditioned that Anderson should indemnify the plaintiff from all costs, damages, expenses and trouble, touching and concerning the return and excecution of process. It then shows a suit against the plaintiff by one Miller, professedly to recover the penalty of $250, on the ground that Anderson had, contrary to the statute, delivered property taken under a writ of replevin against Miller, after due notice of a claim of property. That the plaintiff gave notice to Anderson, and requested him to indemnify, &c. as in the bond. That judgment as in case of nonsuit was rendered against Miller; and $345 costs awarded to the sheriff, he having retained an attorney to defend. That Miller proved insolvent.
The single question is, whether such a case be within the meaning of the bond. There is no averment in the declaration that Anderson was actually in default, and the plea denies that he was. The plaintiff’s costs indeed accrued in a suit concerning the execution of process, and Anderson in terms bound himself to indemnify against such costs. If the condition is to be taken literally, therefore, he and his sureties are perhaps liable. But so is a warrantor, or covenantor for the quiet enjoyment of land, liable according to the letter of his covenant, even for a tortious eviction. Yet the meaning of the covenant has in both cases always been restricted to an eviction by reason of some defect in the covenantor’s title. It has never been extended to the wrongful eviction of a third person. We think the clause relied on in the condition of this bond must be taken with the like restriction ; that it should not be so construed as to cover suits wrongfully instituted; but that some act or omission of Anderson must be shown, of such a character that the plaintiff would be legally bound to answer for it.
It is supposed that the condition of the bond, by farther providing in a distinct clause for indemnity against the not executing or wrongfully executing of process, indicates that the clause immediately in question was intended of costs incurred like those in the suit by Miller. But *674 we cannot yield to the force of mere implication as giving to any part of the condition what we think an absurd construction—a construction which fixes on the deputy and his sureties an obligation to pay whatever sums the obligee might have incurred in defending any number of suits brought by litigious persons on false surmises that Anderson had not done his duty. It may be conceded, perhaps, that he and his sureties might have bound themselves to defend suits brought on such surmises, true or false," had they used these words. But they have not. The words in both clauses are general, and should have a reasonable interpretation. The more stringent clause was probably intended to cover mere innocent mistakes by which the sheriff might be subjected to injury; such as in any but a legal sense could hardly be called wrongful.
There must be judgment for the defendant Hunt.
Ordered accordingly.